### In re DIAMOND.

#### (District Court, E. D. Wisconsin. April 3, 1913.)

BANKRUPTCY (§ 408*)—DISCHARGE—SCHEDULE—CONCEALED ASSETS—FALSE OATH.

Where a bankrupt purchased the capital stock of a corporation for $5,700, paying $2,000 cash by drawing checks on funds to his own credit, and paid the entire balance of the debt thereafter, but in bankruptcy proceedings scheduled neither the capital stock of the corporation nor its assets, the bankrupt's mere assertion that he purchased stock as agent for and in the interest of his wife, she furnishing funds with the intention of acquiring the business for her sons, was no answer to objections to his discharge that he had concealed assets and made a false oath to his schedules.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

In Bankruptcy. In the matter of Max Diamond, bankrupt. On objections to the bankrupt's discharge. Denied.

Objections are made to the discharge of the bankrupt upon two specifications: First, that he concealed, secondly, that he made a false oath in his schedules respecting the ownership of, property.

The facts, in brief, are: The bankrupt came to Milwaukee in September,

1910. Prior thereto he had been in business at Pontiac, Ill., and Tama, Iowa. At the latter place he had conducted a shoe store, and claimed to have become financially embarrassed. His affairs were not administered through bankruptcy or other proceedings, but he claims to have sold out.

Upon coming to Milwaukee, he entered into negotiations for the purchase of the capital stock of a corporation conducting a shoe business in a department store. He entered into a written contract for the purchase of 50 shares —being all of such stock—of par value of $100 per share, agreeing to pay therefor the sum of $5,700; $2,000 to be in cash, and the balance thereafter out of the earnings of the business. At that time he paid $500 toward the purchase price, and shortly thereafter an additional $1,500. The $500 was paid by his personal draft on funds to his credit in a bank at Tama, Iowa, and the $1,500 by a check on the First National Bank of Milwaukee, drawn on an account in his own name. The entire balance was subsequently paid. He claims that the purchase was made as agent for or in the interest of his wife, she having furnished the funds with the intention of acquiring the business for her sons. He has been in sole conduct and charge of the business.

The objector contends that either the capital stock or the assets of the corporation is the property of the bankrupt.

The issues having been referred to a master, the matter now comes before the court upon his report sustaining the objections and recommending denial of a discharge.

Bloodgood, Kemper & Bloodgood, of Milwaukee, Wis., for objecting creditor.

Harry M. Silber, of Milwaukee, Wis., for bankrupt.

GEIGER, District Judge (after stating the facts as above). The master, after an exhaustive hearing in which he was required to believe or disbelieve the bankrupt, has rejected his story and recommended denial of a discharge. The testimony has been examined, and no doubt is entertained respecting the correctness of the conclusion so reported.

Without considering the many discrediting features of the record as made by the bankrupt, he has failed utterly to meet the burden which was cast upon him when the objector showed the transaction relating to the purchase of the stock or assets of the shoe company at Milwaukee. When he was shown to have made payment of the $500 through a draft upon funds to his own credit in a bank at Tama, a further payment of $1,500 through a check on the First National Bank of Milwaukee, against an account in his own name, and to have executed the formal written contract between the shoe company and himself, in none of which transactions is there the slightest suggestion of a proprietary right, interest, or ownership in anybody other than the bankrupt, he could not, by mere assertion that these transactions were in the interest of his wife or his minor sons, meet the burden of giving exact and explicit proof requisite to overcome the contrary direct inference of his personal ownership.

The objector had made a good prima facie case; and the bankrupt's assertion that he acted as agent, that the transaction was in the interest of other members of the family, does not amount to proof. It is at best a statement of his side of the issue presented. To require that such a sweeping or general statement be met by fur-

ther proof on behalf of the objector, in the situation presented, would deny to the objector the benefit of his prima facie showing.

An order may be entered confirming the master's report and denying a discharge.